WICKER, Judge.
This appeal arises from a judgment sustaining exceptions of no cause of action and prescription filed on behalf of defendant/appellee Harry Lee, Sheriff of the Parish of Jefferson. The suit filed on behalf of Jonnie Michel, Individually and as the wife of and executrix of the estate of Jake Michel, plaintiff/appellant, was dismissed as to this party.[1] We affirm.
Appellant specifies the following errors on appeal:
1. The trial court erred in finding plaintiff’s petition is prescribed by operation of law;
2. The trial court erred in finding that the plaintiff’s petition does not state a cause of action, and
3. The trial court erred in finding plaintiff was not entitled to:
*1192 a. additional group life insurance and other benefits which were mandated by the Louisiana Sheriffs Association,
b. reimbursement for health insurance premiums for coverage that should have been provided for free by the Sheriff on his injured and dying employee and
c. damages as a result of the negligence, actions and/or inactions of the defendants.
Since we conclude, for the reasons stated below, the trial judge correctly maintained the exception of prescription, we pretermit a discussion of the remaining specifications of error.
Plaintiff alleges her husband died of injuries from a car accident on June 20, 1988. She alleges he lost control of the car when an unknown driver ran a stop sign. The car was allegedly owned by the Sheriffs department and driven by her husband while working as a process server for the Sheriffs Office.
The parties do not dispute this action is governed by La.C.C. art. 3492 which provides:
Delictual actions are subject to a liber-ative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
In her petition, Michel alleged the accident occurred June 20, 1988. Suit was filed May 18, 1990. She further alleged:
In April 1990, JONNIE Michel learned that Jake Michel’s horrendous physical condition which was killing him was caused from the injuries received while in the June 20, 1988 accident described above. Prior to this time, Jonnie Michel was led to believe by doctors at Oschner Foundation Hospital that his physical condition and problems were stroke related, not trauma related.
No evidence was introduced at the hearing on the exception. The mere allegation she later learned his injuries were trauma related and not stroke related is insufficient absent any evidence or proof to defeat the liberative prescription for one year.
Michel’s petition is prescribed on its face. La.C.C. art. 3492. Since it is prescribed on its face she has the burden “to show why the claim has not prescribed.” Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). Because no evidence nor witnesses were heard on the exception of prescription the trial court correctly maintained the exception.
Accordingly, the judgment is affirmed.
AFFIRMED.

. The remaining defendants are Joan Doe, ABC Insurance Company, XYZ Insurance Company, State Farm Insurance Company, The Parish of Jefferson, Missouri Pacific Railroad, Inc., City of Gretna, and Department of Transportation of the State of Louisiana.